NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSEPH C. SISNEROS, <br><br>                Plaintiff-Appellant, <br><br>  v. <br><br> BROWN, Sergeant at RJ Donovan Facility; et al., <br><br>              Defendants-Appellees. | No. 15-56331 <br><br> D.C. No. 3:14-cv-00891-GPC-RBB <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Gonzalo P. Curiel, District Judge, Presiding

Submitted April 11, 2017[**]

Before:    GOULD, CLIFTON, and HURWITZ, Circuit Judges.

California state prisoner Joseph C. Sisneros appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate indifference to his safety. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's summary judgment for failure to exhaust

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

administrative remedies. *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015). We affirm.

The district court properly granted summary judgment because Sisneros failed to raise a genuine dispute of material fact as to whether he properly exhausted all steps of the grievance process, or whether administrative remedies were effectively unavailable to him. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) ("Proper exhaustion [of administrative remedies] demands compliance with an agency's deadlines and other critical procedural rules[.]"); *Sapp v. Kimbrell*, 623 F.3d 813, 823-24, 826-27 (9th Cir. 2010) (describing limited circumstances where improper screening renders administrative remedies unavailable or where administrative remedies might otherwise be unavailable).

The district court did not abuse its discretion by denying Sisneros' discovery motions because Sisneros did not show that he suffered any prejudice as a result of the denial. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (standard of review and actual prejudice requirement).

We reject as unsupported by the record Sisneros' contentions regarding the district court's alleged failure to appoint counsel because the record shows that Sisneros did not properly move for appointment of counsel.

15-56331

**AFFIRMED.**